IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAWN C. DAVIS, et al.,

                Plaintiff,         Case No. 3:05 CV 7096

-vs-

                                   MEMORANDUM OPINIOIN
MEIJER STORES,                       AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiffs' motion to strike Defendants' amended answers to requests for admissions (Doc. No. 25), to which Defendant has responded (Doc. No. 28). Also before the Court is Plaintiffs' motion for partial summary judgment (Doc. No. 19). Both of Plaintiffs' motions are denied.

Plaintiff Dawn Davis slipped and fell while shopping in Defendant Meijer's store. Davis and her husband and children have sued Meijer for negligence and loss of consortium. On December 30, 2005, Plaintiffs served Defendant with discovery requests, including requests for admissions. *See* (Doc. No. 16). Under Rule 36, a party admits a matter if it does not answer or object to the request for admission within thirty days. Fed. R. Civ. P. 36(a). On February 28, 2006, Defendant had neither responded to Plaintiffs' request nor requested an extension, so Plaintiff filed a motion for summary judgment on the issues covered by the requests, based entirely on Defendants' admissions by failure to answer. (Doc. No. 19).

On March 2, 2006, citing an oversight in its counsel's office, Defendant sought leave to amend its answers to the requests for admission, which this Court granted. (Doc. Nos. 20, 21).

Defendant denied most of Plaintiffs' requests for admissions, and admitted some. (Doc. No. 20-2). Plaintiffs have moved to strike the amended responses, claiming amendment is improper under Rule 36 and *Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir. 1997). (Doc. No. 25).

Under Rule 36, matters admitted are "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). "A 'district court has considerable discretion over whether to permit withdrawal or amendment of admissions.'" *Kerry Steel*, 106 F.3d at 154 (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)). That discretion is subject to Rule 36's instructions that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). "In regard to prejudice, the prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154 (internal quotations and citation omitted) (alteration in *Kerry Steel*).

Here, withdrawal of the admissions and amendment of the responses will clearly subserve the presentation of the merits in this case. Moreover, there are nearly five months remaining until trial, and the Court will extend the discovery and dispositive motion deadlines as stated below. Therefore, Plaintiff is not faced with the sudden need to obtain evidence. Amendment will merely put Plaintiffs to their proof, which is not the type of prejudice Rule 36 contemplates.

The Court therefore denies Plaintiffs' motion to strike (Doc. No. 25). Plaintiffs' motion for summary judgment (Doc. No. 19), which was premised entirely on Defendant's default admissions, is likewise denied. The discovery deadline is extended to April 28, 2006, and the dispositive motion deadline is extended to May 26, 2006, with three weeks for response and ten days for reply.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE