IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAWN C. DAVIS, et al.,

                              Plaintiff,              Case No. 3:05 CV 7096

            -vs-
                                                     MEMORANDUM   OPINION

MEIJER STORES LIMITED
PARTNERSHIP,

                              Defendant.

KATZ, J.

        This matter is before the Court on Defendant's motion for summary judgment (Doc. 43)

and Plaintiff's motions for summary judgment based upon request for admissions and as to

contributory negligence (Doc. 80).

**I. Background**

        On July 2, 2003, Dawn C. Davis ("Plaintiff" or "Davis") walked into Meijer Stores'

("Defendant" or "Meijer") store in Defiance, Ohio.  While walking alone down an aisle in the

"Toys and Pets" section of the store, and paying close attention to her surroundings as she was

walking but seeing no hazard, Plaintiff slipped on the leaked contents of a bubbles container and

fell to the ground, sustaining injuries.  While on the floor, she noticed the leaked fluid.  A Meijer's

employee, Jeremiah Lilly ("Lilly") noticed the Plaintiff and observed a broken bubble container

near the area of the spill.  Lilly testified that he had, in accordance with Meijer's policy, been

checking the aisles in the Toys and Pets department for foreign objects or other hazards, but had

seen no sign of the bubble spill in the aisle check before the Plaintiff's fall.  When exactly Lilly

last checked the aisle is in dispute: he testified at least once that it was about 6:45 PM and at least once that he could not recall when exactly he last checked the aisle.

After the fall, Plaintiff walked to the checkout line, spoke with her husband, and then walked to the service desk to report the incident.  This occurred at approximately 7:00 PM.  The service desk called a member of Meijer's Loss Prevention team, Emily Strausbaugh ("Strausbaugh") to the desk.  She recorded personal information and walked with Plaintiff to the subject aisle.  They observed Meijer employees already clearing the spill.  Strausbaugh photographed the area, including the floor and adjacent shelves, took an oral statement from Plaintiff, and interviewed various Meijer employees.

Plaintiff filed this suit in the Defiance County Court of Common Pleas on December 27, 2004.  It was removed to this Court on March 9, 2005, and this Court assumed jurisdiction on May 10, 2006.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## II. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.*

2

at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately,

3

this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## III. Discussion

Under Ohio law, a plaintiff must introduce evidence that shows how long a spill existed before the accident in order to survive a defendant's motion for summary judgment.  In this case, Plaintiff Davis has not provided the Court with evidence that establishes whether the bubble spill at Defendant Meijer's Defiance store existed without warning or removal for an amount of time sufficient to constitute a breach of ordinary care before Plaintiff slipped on it.

### A. Diversity

When sitting in a diversity action, this Court applies the federal rules for procedural issues and state law for substantive issues.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 62 (1938); *Hisrich v. Volvo Cars of North America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000).

### B. Premises Liability

As the Supreme Court of Ohio has observed,

It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 247 N.E.2d 732 [47 O.O.2d 282]; *Feldman v. Howard* (1967), 10 Ohio St.2d 189, 226 N.E.2d 564 [39 O.O.2d 228]. The existence of a duty depends on the foreseeability of the injury. *Ford Motor Co. v. Tomlinson* (C.A. 6, 1956), 229 F.2d 873 [59 O.O. 345]; *Gedeon v. East Ohio Gas Co.* (1934), 128 Ohio St. 335, 190 N.E. 924.  The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. *Freeman v. United States* (C.A. 6, 1975), 509 F.2d 626; *Thompson v. Ohio Fuel Gas Co.* (1967), 9 Ohio St.2d 116, 224 N.E.2d 131 [38 O.O.2d 294]; *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 90 N.E.2d 859 [41 O.O. 117]. The foreseeability of harm usually depends on the defendant's knowledge.

*Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 (1984).

> Whether the duty of ordinary care, which the occupier of premises owes to one of his business invitees, requires such occupier to prevent, remove, or warn against a particular hazard will necessarily depend on factors such as the potential hazard involved, the opportunity which such an invitee apparently would or would not have to avoid that potential hazard by the exercise of ordinary care, and the practicability of preventing, removing or warning against such hazard.

*Anaple v. Standard Oil Co.*, 162 Ohio St. 537, 541-42 (1955).

In other words, under Ohio law an owner of a premises has a duty to business invitees to keep the property in a reasonably safe condition. To establish that an owner has breached that duty, a plaintiff must show either:

> 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Johnson v. Wagner Provision Co.*, 141 Ohio St. 584 (1943).

In this case, there is no allegation that Meijer or its officers or employees were responsible for causing the spill, nor that they had actual knowledge of the spill. The issue, then, is constructive notice: whether Plaintiff has established a genuine issue of material fact as to whether the spill had existed for "a sufficient length of time reasonable to justify the inference that" Meijer's failure to warn Plaintiff about or clean up the spill was attributable to a lack of ordinary care. *See Presley v. Norwood* (1973), 36 Ohio St.2d 29, 32. "In cases involving constructive notice, evidence of how long the hazard existed is

5

mandatory in establishing a duty to exercise reasonable case." *Sharp v. The Andersons, Inc.*, 2006 Ohio 4075, ¶12 (citations omitted).

Plaintiff has not introduced evidence of how long the bubble fluid was on the floor before she slipped in it. The only supportive testimony was that of Lilly, who stated at one point that he had checked the aisle at 6:45, but he later stated that he could not remember when he last checked the aisle before Plaintiff slipped. In fact, in the course of making her argument *against* summary judgment, Plaintiff admits that "not one employee can testify as to when the last aisle check was performed." Pl.'s Br., Doc. 105, at 5 (emphasis removed). Even if it is considered that Lilly checked the aisle shortly before Plaintiff fell, it must also be considered that, according to Lilly, when he checked the aisle he noticed that it was dry. So considered, there is still no evidence of how long the bubble fluid was on the floor – the Plaintiff herself did not even see it as she walked down the aisle paying close attention to the shelves and floor around her. In accordance with the above cited case law, this lack of evidence as to the aisle check contributes to this Court's finding that there is a lack of evidence as to how long the bubble fluid was on the floor before Plaintiff slipped in it. Without evidence as to how long the fluid was present, this action cannot survive summary judgment. *See Beard v. The Kroger Co.*, 133 Fed. Appx. 174 (6th Cir. 2005) (In noting that Plaintiffs "presented no evidence that any other customer or other employee saw the [hazardous item on which the plaintiff slipped] on the floor before the accident," the Court affirmed summary judgment for the defendant supermarket.).

Plaintiff makes much of the fact that Meijer issued training materials, safety sessions, and other sources of information that made it store policy to check for and keep

6

the aisles free from hazards. Defendant admits that is Miejer's policy and even that certain Meijer employees were aware that, in the summer months, bubble bottle leaks were more frequent than in non-summer months (although the parties disagree as to the extent of the discrepancy in these frequencies). Plaintiff also raises the issue of whether store employees were following the store's safety procedures at the Defiance store. This Court does not find any support for the existence of *this* bubble spill in any of that evidence for several reasons, three of which are worth noting here. First, if this evidence were to go to a jury, the jury would be in the position of having to pile inference upon inference to establish a link between that admitted knowledge of Meijer's and this specific bubble spill. Such piling of inferences is impermissible. *See Sulier v. The Kroger Co.*, 1995 Ohio App. LEXIS 857 (Ohio App. 1995); *Hurt v. Charles J. Rogers Transp. Co.* (1995), 164 Ohio St. 329, syl. ¶1 ("An inference based solely and entirely upon another inference . . . may not be indulged in by a jury.").

Second, the store's policy and the frequency of spills at other stores, as well as whether the employees acted or did not act in accordance with store policy, is not relevant to the length of time that the specific bubble fluid on which Davis slipped was on the floor before she slipped on it. There lacks a logical nexus between the statistics and the underlying incident.

Finally, this Court will not stray from the facts and the law of this case to chip away at supermarkets' incentives to train employees to keep aisles clear of potential hazards at a rate that is voluntarily more frequent than that required by the legal standard of "ordinary care." *See Beard*, 133 Fed. Appx. 174 ("While Kroger may have imposed a

duty on [employees] to scan the floor, the law imposes a duty on Kroger only to exercise ordinary care, and . . . the [plaintiff] failed to present the necessary evidence to establish that Kroger breached this duty . . . [by failing] to show how long the hazard existed."). Even if there was a failure to check the aisles here, and the result was serious and unfortunate, it makes little policy sense to punish Meijer for *trying* to keep its employees checking the aisles on a frequent basis.  To do so would be not only out of alignment with the law, but against the interests of society.

**IV. Plaintiff's Motions**

Plaintiff has advanced two motions for summary judgment: one on the basis of Defendant's failure to respond to requests for admissions, and one on the basis of contributory negligence.  Both motions are moot given the grant of summary judgment for Defendant as ordered herein.

**V. Conclusion**

For the reasons enumerated herein, Defendant Meijer's motion for summary judgment (Doc. 43) is hereby granted.  Plaintiff's motions for summary judgment (Doc. 80) are hereby denied.  Case dismissed.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

8